UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FORMA THERAPEUTICS HOLDINGS, INC., PETER WIRTH, FRANK D. LEE, TIMOTHY P. CLACKSON, MARSHA FANUCCI, WAYNE A. I. FREDERICK, PETER KOLCHINSKY, ARTURO MOLINA, and THOMAS G. WIGGANS,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action Forma Therapeutics Holdings, Inc. ("Forma" or the "Company") and its corporate directors for violating 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with attempted sale of Forma to Novo Nordisk A/S ("Novo").[1] (the "Proposed Transaction").

2. On August 31, 2022, Forma entered into an Agreement and Plan of Merger with Novo and NNUS New Dev, Inc. ("Purchaser") (the "Merger Agreement"). The Merger

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Agreement provides that Forma stockholders will receive $2.00 per share of Company common stock tendered into a tender offer commenced on September 15, 2022 (the "Tender Offer").[2]

3. The Company's corporate directors, defendants herein, subsequently authorized the filing of a materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The September 15, 2022, Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their rights, including whether to tender their stock or seek appraisal for their shares.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e), and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder

---

[2] The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m. (New York City time), on October 13, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.  Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.  Plaintiff is, and has been at all times relevant hereto, the owner of shares of Forma common stock.

10.  Defendant Forma is a Delaware corporation with its principal executive offices located at 300 North Beacon Street, Suite 501, Watertown, Massachusetts 02472.  Forma's shares trade on the Nasdaq Global Market under the ticker symbol "FMTX."  Founded in 2007, Forma is a clinical-stage biopharmaceutical company focused on development and commercialization of novel therapeutics for treatment of rare hematologic diseases and cancers.  The Company's core product candidates for development include FT-4202, which is Phase 1 trial for the treatment of sickle cell disease and other hemoglobinopathies; and FT-7051 for the treatment of metastatic castration-resistant prostate cancer.

11.  Defendant Peter Wirth is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.  Defendant Frank D. Lee is and has been the Company's Chief Executive Officer and a director of the Company at all times relevant hereto.

13. Defendant Timothy P. Clackson is and has been a director of the Company at all times relevant hereto.

14. Defendant Marsha Fanucci is and has been a director of the Company at all times relevant hereto.

15. Defendant Wayne A. I. Frederick is and has been a director of the Company at all times relevant hereto.

16. Defendant Peter Kochanski is and has been a director of the Company at all times relevant hereto.

17. Defendant Arturo Molina is and has been a director of the Company at all times relevant hereto.

18. Defendant Thomas G. Wiggans is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

20. On September 2, 2022, Novo and Forma jointly announced in relevant part:

BAGSVÆRD, Denmark & WATERTOWN, Mass. - (BUSINESS WIRE) - Sep. 1, 2022 - Novo Nordisk and Forma Therapeutics, Holdings Inc. (Nasdaq: FMTX) today announced that they have entered into a definitive agreement under which Novo Nordisk will acquire Forma Therapeutics for $20 per share in cash, which represents a total equity value of $1.1 billion. Forma Therapeutics is a clinical-stage biopharmaceutical company focused on transforming the lives of patients with sickle cell disease (SCD) and rare blood disorders.

This press release features multimedia. View the full release here: https://www.businesswire.com/news/home/20220901005393/en/

The acquisition of Forma Therapeutics, including its lead development candidate, etavopivat, is aligned with Novo Nordisk's strategy to complement and accelerate

its scientific presence and pipeline in hemoglobinopathies, a group of disorders in which there is abnormal production or structure of the hemoglobin protein in the red blood cells.

"Novo Nordisk has worked for more than 40 years to develop and deliver transformative medicines to patients around the world with rare and devastating diseases. By adding Forma's differentiated approach to address unmet needs for patients, we are taking a step forward in enhancing our sickle cell disease pipeline," said Ludovic Helfgott, executive vice president and head of Rare Disease at Novo Nordisk. "We have an ambition to build a leading portfolio with standalone and combination treatments to tackle the complications and underlying causes of sickle cell disease."

Etavopivat, an investigational oral, once-daily, selective pyruvate kinase-R (PKR) activator, is being developed to improve anemia and red blood cell health in people with SCD, a seriously debilitating, life-threatening and life shortening disease. Etavopivat is currently being evaluated in a global phase 2/3 clinical trial (Hibiscus) in patients with SCD, and in a phase 2 trial (Gladiolus) in patients with transfusion-dependent SCD and another inherited hemoglobinopathy called thalassemia.

"Today's announcement is an exciting milestone that accelerates Forma's purpose to transform the lives of patients with sickle cell disease and other serious hematological diseases," said Frank D. Lee, president and chief executive officer of Forma. "Novo Nordisk will partner closely with the sickle cell community to amplify our impact for patients around the world who urgently need new treatment options. We look forward to working together with Novo Nordisk to serve as a trusted partner to our communities and to advance innovation, access and health equity for patients."

The transaction will not impact Novo Nordisk's previously communicated operating profit outlook for 2022 or the ongoing share buy-back program. Novo Nordisk will fund the acquisition from financial reserves.

**About the transaction**
Under the terms of the agreement, Novo Nordisk will initiate a tender offer to acquire all outstanding shares of Forma Therapeutics' common stock at a price of $20 per share in cash (or aggregated value of $1.1 billion) and a premium of 92% to Forma Therapeutics' volume-weighted average price per share over the past 30 days ended August 31, 2022.

The transaction has been unanimously approved by the Forma Therapeutics Board of Directors. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing a majority of Forma Therapeutics' outstanding shares, receipt of applicable regulatory approvals and other customary conditions. Upon the successful completion of the tender offer, Novo Nordisk's acquisition subsidiary will merge into Forma Therapeutics, and any shares of common stock of Forma Therapeutics not tendered into the offer will receive the

same USD per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2022.

In addition, certain affiliates of RA Capital Management, L.P., which collectively own approximately 19% of Forma Therapeutics' outstanding shares, have entered into a support agreement pursuant to which they committed to tender their shares in the tender offer.

Novo Nordisk is represented by Moelis & Company UK LLP as financial advisor and Davis Polk & Wardwell LLP as legal advisor. Forma Therapeutics is represented by Centerview Partners LLC as financial advisor and Goodwin Procter LLP as legal advisor.

**About sickle cell disease**
Sickle cell disease (SCD) is a chronic and progressive inherited disorder associated with a decrease in the health and lifespan of red blood cells. People living with SCD have red blood cells that are crescent shaped, rendering them inflexible, fragile, and unable to effectively deliver oxygen. The health of these sickle red blood cells is impaired and characterized by reduced cellular energy, poor deformability, decreased membrane repair, and increased adhesion.

Around 17 million people worldwide live with SCD, including approximately 100,000 people in the United States, as well as approximately 30,000 in France, Germany, Italy, Spain, and the United Kingdom. SCD can cause serious health problems, including anemia, fatigue, episodes of pain known as vaso-occlusive crises (VOCs), and chronic, progressive end-organ damage. Despite recent advances in treatment, most patients with SCD still suffer from pain crises, lifelong disability, reduced quality of life, and shortened life expectancy.

**About etavopivat**
Etavopivat is an investigational, once-daily, selective pyruvate kinase-R (PKR) activator designed to be a disease-modifying therapy with the potential to improve red blood cell health and transform the lives of people living with SCD. Employing a multimodal approach, etavopivat works by activating the red blood cell's natural PKR activity to decrease levels of the metabolite 2,3-DPG, allowing sickle hemoglobin to hold on to oxygen longer, resulting in decreased polymerization, hemolysis, and sickling. Etavopivat-mediated PKR activation also increases adenosine triphosphate (ATP) levels, to improve red blood cell function, which can lead to improved deformability, capacity for membrane repair, red blood cell health, and lifespan. Together, these effects are anticipated to improve the health of sickle red blood cell and lead to a reduction in anemia, hemolysis, vaso-occlusive crises, and end organ damage.

In a phase 1 trial, etavopivat improved anemia and red blood cell health and appeared to have a safe and well-tolerated profile, demonstrating a potential to improve the lives of patients with SCD, including increases in hemoglobin,

improvements in red blood cell health, and decreases in vaso-occlusive crises (VOCs).

The U.S. Food and Drug Administration (FDA) has granted etavopivat Fast Track, Rare Pediatric Disease and Orphan Drug designations. Additionally, etavopivat was granted Orphan Drug designation from the European Commission based on a positive opinion from the Committee for Orphan Medicinal Products of the European Medicines Agency for the treatment of patients with SCD.

**The Materially Incomplete and Misleading Solicitation Statement**

21. On September 15, 2022, the Board caused to be filed a materially incomplete and misleading Solicitation Statement with the SEC. The Solicitation Statement, which recommends that Forma stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning Forma's financial forecasts and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Centerview Partners LLC ("Centerview").

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22. The Solicitation Statement fails to disclose material information concerning Forma's financial forecasts, including the assumptions underlying Forma management's Forecasts and Preliminary Draft Forecasts, including with respect to "

> the probability of technical success and regulatory approval, epidemiology, timing of commercial launch, sales ramp, near-term spend on Forma's oncology programs, market size, market share, pricing, expected cash burn rate, . . . competition, partnering and licensing arrangements, market exclusivity, estimated costs and expenses, effective tax rate and utilization of net operating losses, ability to raise future capital, including the impact of future capital raises on current stockholders, and other relevant factors relating to Forma and etavopivat and olutasidenib.[3]

---

[3] *See* Solicitation Statement at 32.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

23. The Solicitation Statement fails to disclose material information concerning the analyses underlying Centerview's fairness opinion in favor of the Proposed Transaction.

24. With respect to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's tax savings from usage of federal net operating losses and future losses; (b) the Company's terminal values; (c) the inputs and assumptions underlying the range of discount rates Centerview utilized in connection with the analysis; (d) the estimated costs associated with an assumed $250 million capital raise in 2024; and (e) the Company's fully diluted outstanding shares.

25. With respect to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the individual price targets observed and the sources thereof.

26. With respect to the *Precedent Premiums Paid* analysis performed by Centerview, the Solicitation Statement fails to disclose the transactions analyzed and the individual premiums observed for each transaction.

27. The omission of the above-referenced information renders statements in the "Certain Financial Projections" and "Opinion of Forma's Financial Advisor" sections of the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Forma will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

28. Plaintiff repeats all previous allegations as if set forth in full.

29. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting Forma stockholders to tender their shares in the Tender Offer.

30. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

31. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

32. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

33. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

34. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

35. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to

9

be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

36. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of Forma, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

### Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

39. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to Forma stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement

misrepresented and/or omitted material facts concerning the Company's financial projections and Centerview's financial analyses.

40. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

41. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Forma within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Forma, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

46. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and information that they reviewed and considered; descriptions into which Company directors had input.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Forma stockholders will be irreparably harmed.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Forma, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  September 28, 2022  **LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*